FILED

UNITED STATES DISTRICT COURT IN AND FOR THE
MIDDLE DISTRICT OF FLORIDA

2016 DEC 19  AM 10: 29

CINDY FORD, N/K/A CINDY HILL
    Plaintiff,

v.
                                Case No.

JAMES E. ALBERTELLI, P.A., d/b/a ALAW,    8:16-CV-3439-T-30 MAP
d/b/a ALBERTELLI LAW
    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff CINDY FORD, N/K/A CINDY HILL ("Plaintiff"), by and

through her undersigned attorney and does hereby file this Complaint against JAMES E.

ALBERTELLI, P.A., d/b/a ALAW, d/b/a ALBERTELLI LAW (hereinafter referred to as

"Defendant"), respectfully sets forth, complains, and alleges, upon information and belief the

following:

### INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff brings this action on her own behalf for damages and declaratory relief arising from the

Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly

referred to as the Fair Debt Collections Practices Act ("FDCPA"); and for violations of Florida

Statutes 559.55 et. Seq., commonly known as the Florida Consumer Collection Practices Act

("FCCPA").

### PARTIES

1. Plaintiff is a resident of the State of Florida, residing at 414 Signorelli Dr., Osprey

    Florida, 34229.

2. Defendant, is a professional association organized under the laws of the state of Florida,

    engaged in the business of debt collection, and conducting business (including debt

collection) in Sarasota County, Florida.

3. Plaintiff is a "consumer" as the phrase is defined in the FDCPA under 15 U.S.C. §1692a (3).

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a (6). and as defined and used in the FCCPA under F.S. 559.55 (7).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C.§2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA and the FCCPA.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information

and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA and the FCCPA.

10. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA and/or the FCCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interest of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.5.C. § 1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and outcomes for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. In 2003, Plaintiff purchased real property in Sarasota County, Florida. To fund the purchase, she and her then-husband, Douglas Ford, obtained two mortgages on the property.

21. In 2006 the Plaintiff subsequently obtained a new line of credit from J.P Morgan Chase Bank ("Chase Bank"), replacing the original second mortgage on the property, which

4

raised the amount of credit which could be borrowed on the property. That Home Equity Line of Credit Agreement was secured with a Equity Line of Credit Mortgage on the Plaintiff's property. The documents referenced above are referred to herein as the "Loan Documents", and are attached hereto as **Exhibit A**.

22. On June 15, 2015 Plaintiff failed to make the monthly payment due.

23. On or about November 15, 2015, Plaintiff called Chase Bank and was advised by a representative that a reinstatement was necessary before the account could be brought current. The Chase Bank representative further advised that she had requested a reinstatement on Plaintiff's behalf and that Plaintiff should call back in 10-14 days to receive the reinstatement figure and make payment. At that time, the total principal amount past due was approximately $780.00.

24. On December 3, 2015, the Plaintiff called Chase Bank as advised for the reinstatement amount, and was shocked to be advised by Chase Bank's representative that the amount required was over $7,000.00. Chase Bank's representative advised Plaintiff that she could not answer any questions about the amount requested and that Plaintiff would need to contact Defendant with any questions. To date, Plaintiff has not received a copy of the reinstatement referenced by Chase Bank's representative.

25. Plaintiff immediately called Defendant and was advised by the receptionist that she would receive a quick response if she emailed the firm at reinstate@albertellilaw.com.

26. Plaintiff subsequently emailed Defendant at that address. See **Exhibit B**.

27. When she failed to receive any response, she both emailed and called Defendant multiple times with no response.

28. On December 17, 2015, over two weeks after first contacting Defendant, the Plaintiff received via mail a reinstatement letter dated December 14, 2015 (the "First Reinstatement"). A copy of same is attached hereto as **Exhibit C**.

29. The First Reinstatement requires the payment of principal and interest charges, late charges, "evaluation fees," "property inspection" fees, title fees, attorney fees, and several thousand dollars of "estimated" fees.

30. The total reinstatement amount of the First Reinstatement was $6,748.13, only $783.13 of which related to past-due payments.

31. In response to receipt of the First Reinstatement, Plaintiff wrote Defendant on December 21, 2015, stating that the Loan Documents do not include any provision authorizing the right for Defendant to demand the payment of estimated fees and costs, and additionally requesting an accounting of the attorneys' fees which had been incurred to date. See **Exhibit D.**

32. To date, Plaintiff has not received any accounting of the attorneys' fees incurred by Defendant.

33. In response to Plaintiff's letter, Defendant provided a new reinstatement letter (the "Second Reinstatement"), which is attached hereto as **Exhibit E**.

34. The Second Reinstatement is dated December 22, 2015, and it notably removes estimated attorneys' fees and costs from the total required for reinstatement of the loan.

35. The "good through" date provided on the Second Reinstatement was December 24, 2015.

36. However, the Second Reinstatement was not in fact provided to the Plaintiff until December 24, 2015, by email, at 12:19 p.m.

37. Payment according to the Second Reinstatement was a practical impossibility as a result of the fact that it was delivered at mid-day on the day before Christmas.

38. It is Plaintiff's belief that this impossible time frame was purposefully and maliciously imposed on Plaintiff in return for her claims that Defendant's prior reinstatement was provided in violation of law.

39. After the holidays, Plaintiff again contacted Defendant multiple times for an updated reinstatement. Not receiving any reply, on January 5, 2016, Plaintiff sent Defendant a certified check for the amount requested in the Second Reinstatement - $2,143.13. See **Exhibit F**.

40. On January 6, 2016, Defendant returned the Plaintiff's payment, stating that a new reinstatement amount was required. See **Exhibit G**.

41. On January 8, 2016, Plaintiff requested a new reinstatement letter from Defendant. See **Exhibit H**.

42. On January 11, 2016, Defendant faxed Plaintiff a new reinstatement letter (hereinafter the "Third Reinstatement").

43. The Third Reinstatement again required that the Plaintiff pay estimated fees and costs, and raised the amount necessary for reinstatement from $2,143.13 to $7,353.46. See attached **Exhibit I**.

44. The Defendant then, inexplicably, sent a further reinstatement letter on February 12, 2016 (the "Fourth Reinstatement") which reduced the amount required for reinstatement from $7,353.46 to $2,395.88.

45. Each of the reinstatement letters require the payment of late fees in the amount of $125.00.

7

46. While the Loan documents require payment of a $25.00 late charge for a late payment, no document authorizes a charge of $125.00.

47. Each of the reinstatement letters requires the payment of a $156.00 "evaluation fee."

48. The Loan Documents do not require the payment of any "evaluation fee."

49. The First Reinstatement, Second Reinstatement, and Third Reinstatement require the payment of a $14.00 "property inspection" fee, while the Fourth Reinstatement requires the payment of a $28.00 "property inspection" fee.

50. The Loan Documents do not require the payment of any "property inspection fee."

51. Moreover, the Defendant's charge of a second "property inspection" fee on the Fourth Reinstatement was solely caused by its multiple failures in providing accurate and non-deceptive reinstatement letters in the past.

52. The First Reinstatement, Second Reinstatement and Fourth Reinstatement each requires the payment of a $225.00 "title" fee.

53. The Loan Documents do not require the payment of any "title" fee.

54. Moreover, the fact that the Third Reinstatement does not require the payment of such fee evidences the fact that this was yet another "estimated" fee, as opposed to a fee which had already been incurred by the Defendant.

55. Both the Third Reinstatement and the Fourth Reinstatement were faxed to the professional office of the Plaintiff, and were viewed by a co-worker who had no knowledge of the pending issues.

56. Both the Third Reinstatement and the Fourth Reinstatement contained false information, and the Defendant was aware of that fact.

8

57. As a result of the Defendant's conduct, Chase Bank has filed a Mortgage foreclosure lawsuit against the Plaintiff. The Plaintiff has been forced to retain counsel to defend same, and has been/will be damaged to the extent of her costs of defending same.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1-57 herein with the same force and effect as if the same were set forth at length herein.

59. This count is brought in addition to and in the alternative to the other causes of action set out in this complaint.

60. 15 USC §1692(2)(A) prohibits a debt collector from making a false representation as to "the character, amount, or legal status of any debt."

61. The Defendant violated 15 USC §1692(2)(A) by misrepresenting the amounts alleged to be due – specifically by :

    a. including estimated legal costs in the First Reinstatement that were not in fact due or collectable;

    b. including estimated legal costs in the Third Reinstatement that were not in fact due or collectable;

    c. including "property inspection" fees on each of the First, Second, Third, and Fourth Reinstatements when such costs were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

    d. including "title" fees on each of the First, Second and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

9

e. Including "late charges" on each of the First, Second, Third and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

62. 15 USC §1892(2)(B) prohibits a debt collector from making false representations as to "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

63. The Defendant violated 15 USC 1692(2)(B) by misrepresenting the compensation which could lawfully be received – specifically by:

a. including estimated legal costs in the First Reinstatement that were not in fact due or collectable;

b. including estimated legal costs in the Third Reinstatement that were not in fact due or collectable;

c. including "property inspection" fees on each of the First, Second, Third, and Fourth Reinstatements when such costs were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

d. including "title" fees on each of the First, Second and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

e. Including "late charges" on each of the First, Second, Third and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA).

64. 15 USC §1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

10

authorized by the agreement creating the debt or permitted by law."

65. Defendant has violated 15 USC §1692f(1) by attempting to collect amounts which were not expressly authorized to be collected by any agreement creating the debt, and were not authorized by law, specifically by:

    a.  including estimated legal costs in the First Reinstatement that were not in fact due or collectable;

    b.  including estimated legal costs in the Third Reinstatement that were not in fact due or collectable;

    c.  including "property inspection" fees on each of the First, Second, Third, and Fourth Reinstatements when such costs were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

    d.  including "title" fees on each of the First, Second and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA);

    e.  Including "late charges" on each of the First, Second, Third and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FDCPA).

66. 15 USC §1892f - preface prohibits a debt collector from using any unfair and unconscionable means to collect a debt.

67. Defendant violated 15 USC §1692f - preface by:

    a.  emailing the Second Reinstatement, dated December 22, 2015, to the Plaintiff at mid-day on December 24, 2015, which document included a payoff deadline of December 24, 2015, in a manner which made compliance practicably impossible;

11

b. Including "estimated fees" on the First Reinstatement and the Second Reinstatement thereby drastically increasing the amounts required to reinstate the loans, for the purpose of making compliance with same much more difficult, and increasing the chances that a foreclosure would be necessary and Defendant would be able to generate the "estimated fees";

c. Sending several inaccurate and conflicting reinstatement letters for the purpose of increasing the likelihood that foreclosure would be necessary, and that the Defendant would generate additional legal fees;

d. Rejecting the Plaintiff's attempt to make a payment to reinstate the loan, and subsequently sending the Third Reinstatement which drastically increased the amount necessary to reinstate, in an effort to generate additional legal fees for the Defendant;

e. Sending several inaccurate and conflicting reinstatement letters, and thereafter, in the Fourth Reinstatement, charging additional "property inspection" fees that were solely caused by the Defendant's actions.

f. actually filing a mortgage foreclosure lawsuit against the Plaintiff after sending several inaccurate and conflicting reinstatement letters, that each improperly inflated the amounts due to reinstate the loan.

68. 15 U.S.C. 1692g(a) provides that:

(a) **Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;

12

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. The Defendant's first communication with the Plaintiff was via telephone on December 8, 2015. The first written communication provided to the Plaintiff after that oral communication was the First Reinstatement, dated December 14, 2015.

70. The First Reinstatement violates 15 U.S.C. 1692g(a) by:

    a. Failing to provide the required information within 5 days of the parties' initial communication;

    b. Failing to identify the amount of the debt;

    c. Failing to identify the name of the Plaintiff's creditor;

    d. Failing to advise the Plaintiff that the debt will assumed to be valid if not disputed;

    e. Failing to advise that the Plaintiff could obtain verification of the debt;

    f. Failing to advise that the Plaintiff could request the name of the creditor.

71. As a result of Defendant's violations of the FDCPA, Plaintiff suffered embarrassment, distress and actual damages, and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for same.

WHEREFORE, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(a)(2)(A);

C.   For statutory damages provided and pursuant to 15 USC §1692k(a)(2)(B);

D.   For attorneys' fees and costs provided and pursuant to 15 USC §1892k(a)(3);

E.   A declaration that the Defendant's practices violated the FDCPA;

F.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (Violations of the FCCPA)

72. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1-57 herein with the same force and effect as if the same were set forth at length herein.

73. This count is brought in addition to and in the alternative to the other causes of action set out in this complaint.

74. Florida Statute 559.72 states in part that:

"In collecting consumer debts, no person shall

...

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know ... that the information is false."

75. The Defendant's act of faxing the Third Reinstatement and the Fourth Reinstatement to the Plaintiff's place of employment, with knowledge or reason to know that the information contained therein was false, constitutes a violation of F.S. 559.72(5).

76. Florida Statute 559.72 states in part that:

"In collecting consumer debts, no person shall

...

14

(9) Claim, attempt or threaten to enforce a debt when such person knows that the dent is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

77. The Defendant violated F.S. 559.72(9) by attempting to enforce debts that it knew to be illegitimate, and by asserting the existence of legal rights which it knew not to exist, specifically by:

    a. including estimated legal costs in the First Reinstatement that were not in fact due or collectable;

    b. including estimated legal costs in the Third Reinstatement that were not in fact due or collectable;

    c. including "property inspection" fees on each of the First, Second, Third, and Fourth Reinstatements when such costs were not in fact due or collectable (each of which constitutes a separate violation of the FCCPA);

    d. including "title" fees on each of the First, Second and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FCCPA);

    e. Including "late charges" on each of the First, Second, Third and Fourth Reinstatements when such fees were not in fact due or collectable (each of which constitutes a separate violation of the FCCPA);

78. As a result of Defendant's violations of the FCCPA, Plaintiff suffered embarrassment, distress, and actual damages, and according to F.S. 559.77(2), Defendant is liable to Plaintiff for same.

**WHEREFORE,** Plaintiff demands judgment from the Defendant as follows:

A.     For actual damages provided and pursuant to F.S. 559.77(2);

B.     For statutory damages provided and pursuant to F.S. 559.77(2);

C.     For attorneys' fees and costs provided and pursuant to F.S. 559.77(2);

E.     A declaration that the Defendant's practices violated the FCCPA pursuant to F.S. 559.77(2);

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## RESERVATION OF RIGHT TO SEEK ENTITLEMENT TO PLEAD PUNITIVE DAMAGES

The Plaintiff reserves the right to seek leave to add a claim for punitive damages upon a proper showing for same, pursuant to F.S. 768.72.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

BERLIN PATTEN EBLING, PLLC
3700 South Tamiami Trail, Suite 200
Sarasota, Florida 34239
T: (941) 954-9991
F: (941) 954-9992
Email: dguarnieri@berlinpatten.com
Email: bdemarsh@berlinpatten.com
Secondary Email: tclapp@berlinpatten.com

By: /s/ Daniel Guarnieri
Daniel Guarnieri, Esquire
Florida Bar Number 0914401

16